1  Claudia Greenshields, James Greenshields

2  4330 Leonard Way

3  Corona CA 92883

4  Cell: 951.496.7768

5  Plaintiffs in Pro Per



FILED

JUN - 7 2016

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

7  **United States Bankruptcy Court**

8  **Central District California-Riverside Division**

10  In Re: Claudia Greenshields          ) BK Case: No. 6:16-bk-12503-SY

11          James Greenshields          ) Chap 7
                                        )
12          Debtors                     ) Adv. No
                                        )
13          Claudia Greenshields        ) **COMPLAINT FOR DETERMINATION**
                                        )
14          Plaintiff                   ) **THAT DEBT OWED TO DEFENDANT IS**
                                        )
15  Vs.                                 ) **DISCHARGEABLE PURSUANT TO**
                                        )
16  Navient Solutions, Inc.             ) **11USC523(A)(8)**
                                        )
17          Defendant                   )
                                        )
18  _____  )

20  Plaintiff, Claudia Greenshields hereby pleads the following in complaint against: Navient

21  Solutions, Inc.

22                      **PARTIES, JURISADICTION AND VENUE**

23  1.  This court has jurisdiction pursuant to 28 USC section 157 and 1334.

24  2.  Venue is proper pursuant to 28 USC 1409. This is a core proceeding pursuant

25      to 28 USC 157.

26  3.  Plaintiff is and at all relevant times has been, a resident of and domiciled in Riverside

27      County, California.

28  4.  Plaintiff filed a voluntary Chapter 7 petition with this court on 03/31/2016.

## **GENERAL ALLEGATION**

5.  In August 2005 plaintiff acquired approximately $59,000.00 debt in student loans to
    obtain a BA degree in the Paralegal Studies Field.

6.  As of April 2007 plaintiff owes approximately $29,000.00 in a student loan to Navient
    Solutions, Inc. who was originally Sallie Mae and then split into two companies.

7.  Repayment of the loan will create an undue hardship of plaintiff.

8.  Plaintiff's current income is approximately $3538.00 and her expenses are over
    $3538.00 per month.

9.  Additional circumstances exist because plaintiffs husband was diagnosed with stage 4-
    tongue cancer in November 2009. Went through 3 surgeries chemotherapy and 6 weeks
    of radiation finishing in April of 2010. Got a remission clearance on August 31st 2010.

10. In November 2014 plaintiffs husband was hospitalized from November 2014 through
    November 2015. He was diagnosed with stage 4 non-Hodgkin's lymphoma, located in
    the following: 17 centimeter tumor in the lower abdomen, colon and inside the stomach.
    In addition to 8 DVT's in the femoral artery he also suffered from renal failure, chronic
    kidney disease, bilateral pneumonia, sepsis of the blood, a series of strokes and seizures
    and lastly all the muscles atrophied from being bedridden for over 9 months. He was in
    and out of life support 3 separate times with the last time commencing October 2015.

11. During this period plaintiff suffered a pay decrease from plaintiffs business then loosing
    it completely in July 2015.

12. Plaintiff took a low paying job in late August 2015 and was let go in November 2015
    shortly after her husbands last hospitalization on life support. Plaintiff then made the
    appropriate measures to bring husband home.

13. Plaintiff is currently providing In Home Health Care Services for her husband.  Because
    they are married she only qualifies for a certain amount of pre approved paid hours
    because California State law states it's her marital obligation to provide certain services
    without pay. Plaintiff has no back up financials to cover the additional medical expenses

that are not covered by insurance (i.e. medical gloves, thickening agent, gas to and from out-patient appointments, nutrient packed juice drinks, dental expenses, etc. not covered). If Plaintiffs husband goes into the hospital she does not qualify for said approved hours, meaning the monthly pay decreases.

14. Due to plaintiffs husbands medical needs she cannot seek other employment because of his level of care (requires someone there at all times to provide all tube-feedings, protective services, administer medicine every 6 hours, help to the bathroom since he cannot walk on his own as well as all out-patient appointments just to name a few) This will remain the same for the duration of plaintiffs husbands life.

15. Plaintiff has no ability to repay the student loans

16. Plaintiff is the sole provider and caregiver for her husband and their 2 minor daughters Autumn and Wynter Greenshields currently ages 5 and 4. Plaintiff also has medical expenses for both children that are not covered by insurance. Plaintiffs husband is not competent to watch the minor children.

17. Plaintiff has filed a voluntary Chapter 7 Bankruptcy petition with this court on 03/21/2016 thereby commencing case no. 6:16-bk-12503 SY

## FIRST CLAIM FOR RELIEF-Dischargeable Debt Due to Undue Hardship

18. Plaintiff hereby re-alleges the preceding paragraphs 1 through 17 inclusive, of this complaint as though set forth in full.

19. Based on current income and expenses, the debtor cannot maintain a minimal standard of living for debtor and dependents if forced to repay the loan.

20. Due to the plaintiffs husbands medical condition the circumstances are likely to persist for the remainder of his current lifespan (he is 55 this year). Because California State Laws state that the plaintiff must provide certain services by law because it is her marital duty she cannot increase her income. This will directly affect the plaintiff's

circumstances because she will not be able to increase the income allowing her to repay the loan.  Even if plaintiff could find work after her husband calculated lifespan expires in the 10 years (based on a point system) it would put plaintiff at 62 years old she would have a limited remaining work life as well as making her undesirable to employ at that age. Plaintiff has no assets.

21. The plaintiff/debtor has made good faith efforts to repay the student loans. Plaintiff has made interest only payments in the past but had to stop because of her husband's catastrophic medical impact on the family and the loss of income. During that time the plaintiff contacted Navient Solutions, Inc. and was placed on an IBR plan consisting of no payments. The school loans have now multiplied to over $34,000.00 from the interest that keeps accruing. The plaintiff is the sole provider for her two minor children who are currently 4 and 5 years old, they are 100% dependent on her as well as her husband, whose medical needs require her constant presence making it impossible to repay the loan ultimately forcing the loans to continue to grow and push her further and further into debt to Navient Solutions, Inc.

22. As a result of the foregoing, the plaintiff/debtor has no ability to repay the student loan debt.

23. The plaintiff respectfully requests that the court therefore declare that all of the plaintiff's student loan debt is discharged.

///////

Dated this 7th day of June 2016

Claudia Greenshields

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Claudia Greenshields | DEFENDANTS<br>Navient Solutions, Inc. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>4330 Leonard Way, Corona, CA 92883 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☑ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION. INCLUDING ALL U.S. STATUTES INVOLVED)


Discharge of student loans — 11 USC.523(a)(8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1. first alternative cause as 2. second alternative cause as 3. etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Claudia Greenshields, James Greenshields | BANKRUPTCY CASE NO.<br>6:16-bk-12503 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Judge Scott H Yun |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>06/07/2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Claudia Greenshields, James Greenshields | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.